Model Plan  
11/22/2013

Trustee: ☑ Marshall ☐ Meyer  
☐ Stearns ☐ Vaughn

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re: ) Case No. 15-07205  
)  
**Karen D. Smith** )  
)  
**Debtors.** ) Amended Chapter 13 Plan, June 2, 2015

☑ **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

**Section A.**  
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **4**; (b) their ages are **46, 9, 17, 21**; (c) total household monthly income is $ **2,598.73**; and (d) total monthly household expenses are $ **2,458.00**, leaving $ **140.73** available monthly for plan payments.

2. The debtor's Schedule J includes $ **N/A** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for **N/A** months prior to filing this case.

**Section B.**  
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**Section C.**
*Direct payment of claims by debtor*

☑ The debtor will make no direct payments to creditors holding prepetition claims. /or/

☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J--increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: __-NONE-_____ , monthly payment, $ _____

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term.* The debtor will pay to the trustee $ __140.00__ monthly for __36__ months [and $ _____ monthly for an additional ____ months], for total payments, during the initial plan term, of $ __5,040.00__. [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
☑ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at **5.00**% of plan payments; and during the initial plan term, totaling $ __252.00__. [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

**-NONE-**

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __0.00__. [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

**-NONE-**

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ __0.00__ . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.*  The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority.  No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney*. Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $__3,670.00__ . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears*. Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee.  Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.
**-NONE-**

6. *Allowed priority claims other than those of the debtor's attorney*. Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ __0.00__ . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim*. A special class consisting of the following non-priority unsecured claim:___-NONE-___ shall be paid at ___N/A___% of the allowed amount. The total of all payments to this special class is estimated to be $___N/A___. [Enter this amount on Line 2g of Section H.]

Reason for the special class: _____N/A_____ .

8. *General unsecured claims (GUCs)*. All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☐ in full, /or/ ☑ to the extent possible from the payments set out in Section D, but not less than __6__% of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest*.  ☑ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of ___N/A___% [Complete Line 4d of Section H to reflect interest payable.]

Software Copyright (c) 1996-2014  Best Case, LLC - www.bestcase.com                                                                                                              Best Case Bankruptcy

**Section F.**
*Priority*

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**
*Special terms*

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**Section H.**
*Summary of payments to and from the trustee*

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D) — $ 5,040.00

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):
  (a) Trustee's fees — $ 252.00
  (b) Current mortgage payments — $ 0.00
  (c) Payments of other allowed secured claims — $ 0.00
  (d) Priority payments to debtor's attorney — $ 3,670.00
  (e) Payments of mortgage arrears — $ 0.00
  (f) Payments of non-attorney priority claims — $ 0.00
  (g) Payments of specially classified unsecured claims — $ 0.00
  (h) Total *[add Lines 2a through 2g]* — $ 3,922.00

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]* — $ 1,118.00

(4) Estimated payments required after initial plan term:
  (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) — $ 20,056.21
  (b) Minimum GUC payment percentage — 6 %
  (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]* — $ 1,203.37
  (d) Estimated interest payments on unsecured claims — $ 0.00
  (e) Total of GUC and interest payments *[add Lines 4c and 4d]* — $ 1,203.37
  (f) Payments available during initial term *[enter Line 3]* — $ 1,118.00
  (g) Additional payments required *[subtract Line 4f from Line 4e]* — $ 85.37

(5) Additional payments available:
  (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee — $ 133.00
  (b) Months in maximum plan term after initial term — 24
  (c) Payments available *[multiply line 5a by line 5b]* — $ 3,192.00

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

**Section I.**  ☐ A check in this box indicates that the debtor consents to immediate entry of an order
*Payroll*        directing the debtor's employer to deduct from the debtor's wages the amount specified in
*Control*        Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a
                 joint case, details of the deductions from each spouse's wages are set out in Section G.

**Signatures**  **Debtor(s) [Sign only if not represented by an attorney]**

_____    _____  **Date** _____

**Debtor's Attorney**   /s/ Nathan Volheim                                    **Date** June 2, 2015

*Attorney Information*  
*(name, address,*  
*telephone, etc.)*

Nathan Volheim  
Sulaiman Law Group, Ltd.  
900 Jorie Boulevard  
Suite 150  
Oak Brook, IL 60523  
630-575-8181  
Fax: 630-575-8188

**Special Terms** *[as provided in Paragraph G]*

**1. Unsecured claims filed after the claim bar date shall not be paid by the Chapter 13 Trustee.**

**2. On or before April 20th of the year following the filing of the case and each year thereafter, the Debtor shall submit the prior year's federal tax return to the Standing Trustee. The Debtor shall also tender full amount of tax refund, received while the Chapter 13 case is pending, to the Chapter 13 Trustee. The tax refund shall be treated as an additional payment into the plan and must be submitted within 7 days of receipt by the Debtor.**

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                    Case No. 15-07205-PSH
Karen D Smith                                                             Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-1          User: cgreen              Page 1 of 2              Date Rcvd: Jun 03, 2015
                              Form ID: pdf003           Total Noticed: 33

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 05, 2015.
db           +Karen D Smith,    4848 W. Washington Blvd, #1,    Chicago, IL 60644-3627
22994806     +Capital One, N.A.,    1680 Capital One Drive,    Mc Lean, VA 22102-3407
22994804     +Capital One, N.A.,    Capital One Bank (USA) N.A.,    Po Box 30285,
               Salt Lake City, UT 84130-0285
22994808     +Chase,    ATTN: Bankruptcy Department,    P.O. Box 15298,    Wilmington, DE 19850-5298
22994807     +Chase,    3415 Vision Drive,    Mail Code OH4-7142,    Columbus, OH 43219-6009
22994809     +Chase Bank,    Attn: Bankruptcy Dept,    Po Box 15298,    Wilmington, DE 19850-5298
22994811     +Comenity Bank,    220 W. Schrock Road,    Westerville, OH 43081-2873
22994810     +Comenity Bank,    PO Box 182789,    Columbus, OH 43218-2789
22994812     +Comenity Bank/Carsons,    3100 Easton Square Place,    Columbus, OH 43219-6232
22994817      Equifax Information Services, LLC,    1550 Peachtree Street NW,    Atlanta, GA 30309
22994818     +Experian Information Solutions, Inc.,    475 Anton Boulevard,    Costa Mesa, CA 92626-7037
22994824     +PayPal Credit,    PO Box 105658,    Atlanta, GA 30348-5658
22994831     +TD Bank USA,    Po Box 673,    Minneapolis, MN 55440-0673
22994829     +Target Credit Card (TC),    P.O. Box 9475,    Minneapolis, MN 55440-9475
22994830     +Target Red Card,    PO Box 660170,    Dallas, TX 75266-0170
22994832     +Trans Union LLC,    1561 E. Orangethorpe Avenue,    Fullerton, CA 92831-5210
22994833     +Wal-Mart,    702 S.W. 8th Street,    Bentonville, AR 72716-6299
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
22994805     +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jun 04 2015 01:13:49     Capital One, N.A. *,
               c/o American Infosource,    P.O Box 54529,    Oklahoma City, OK 73154-1529
23258826     +E-mail/Text: bankruptcy@cavps.com Jun 04 2015 01:20:07     Cavalry SPV I, LLC,
               as assignee of Capital One Bank USA NA,    500 Summit Lake Drive, Ste 400,
               Valhalla, NY 10595-1340
22994815     +E-mail/Text: creditonebknotifications@resurgent.com Jun 04 2015 01:18:23     Credit One Bank,
               585 Pilot Rd,    Las Vegas, NV 89119-3619
22994816     +E-mail/Text: creditonebknotifications@resurgent.com Jun 04 2015 01:18:23     Credit One Bank,
               PO Box 740237,    Atlanta, GA 30374-0237
22994814     +E-mail/Text: creditonebknotifications@resurgent.com Jun 04 2015 01:18:23     Credit One Bank,
               P.O Box 98872,    Las Vegas, NV 89193-8872
22994813     +E-mail/Text: creditonebknotifications@resurgent.com Jun 04 2015 01:18:23     Credit One Bank,
               PO Box 98873,    Las Vegas, NV 89193-8873
22994819     +E-mail/PDF: gecsedi@recoverycorp.com Jun 04 2015 01:13:58
               GE Capital Retail Consumer Finance,    1600 Summer Street,    Fifth Floor,
               Stamford, CT 06905-5125
22994820     +E-mail/PDF: gecsedi@recoverycorp.com Jun 04 2015 01:13:39     GE Money Bank / Walmart,
               Attn: Bankruptcy,    Po Box 103104,    Roswell, GA 30076-9104
22994821     +E-mail/PDF: gecsedi@recoverycorp.com Jun 04 2015 01:13:39     GE Money Bank Care Card,
               Po Box 960061,    Orlando, FL 32896-0061
22994822     +E-mail/PDF: gecsedi@recoverycorp.com Jun 04 2015 01:13:39     GECRB/Amazon,   Attn: Bankruptcy,
               Po Box 103104,    Roswell, GA 30076-9104
22994823     +E-mail/Text: bk@lendingclub.com Jun 04 2015 01:20:25     Lending Club Corp,    71 Stevenson,
               San Francisco, CA 94105-2985
23202788      E-mail/Text: bnc-quantum@quantum3group.com Jun 04 2015 01:19:13
               Quantum3 Group LLC as agent for,    Comenity Bank,    PO Box 788,    Kirkland, WA 98083-0788
22994826     +E-mail/PDF: gecsedi@recoverycorp.com Jun 04 2015 01:13:59     Synchrony,   PO Box 530970,
               Atlanta, GA 30353-0970
22994825     +E-mail/PDF: gecsedi@recoverycorp.com Jun 04 2015 01:13:39     Synchrony,   950 Forrer Boulevard,
               Kettering, OH 45420-1469
22994827     +E-mail/PDF: gecsedi@recoverycorp.com Jun 04 2015 01:14:18     Synchrony Bank,    PO Box 530916,
               Atlanta, GA 30353-0916
23065124     +E-mail/Text: bncmail@w-legal.com Jun 04 2015 01:19:42     TD BANK USA, N.A.,
               C O WEINSTEIN AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
                                                                                              TOTAL: 16

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
22994828      Target,   Tinley Park
                                                                                   TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 05, 2015                          Signature:  /s/Joseph Speetjens

```
District/off: 0752-1          User: cgreen              Page 2 of 2              Date Rcvd: Jun 03, 2015
                              Form ID: pdf003           Total Noticed: 33
```

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 2, 2015 at the address(es) listed below:
         Marilyn O Marshall    courtdocs@chi13.com
         Nathan C Volheim    on behalf of Debtor Karen D Smith courtinfo@sulaimanlaw.com,
        nvolheim@sulaimanlaw.com;mbadwan@sulaimanlaw.com;bkycourtinfo@gmail.com;ECFNotice@sulaimanlaw.com
        ;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexpress.info
         Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
                                                                                                          TOTAL: 3